FILED
CLERK, U.S. DISTRICT COURT

APR 11 2008

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DANIEL MURPHY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JAMES A YATES, Warden,<br><br>　　　　　Respondent. | NO. ED CV 07-0573 AHM (FMO)<br><br>**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On May 6, 2007,[1] petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. On June 12, 2007, respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that the Petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner did not file an Opposition to respondent's Motion.[2]

---

[1] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002); accord Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

[2] Pursuant to the Court's Order of August 17, 2007, petitioner's Opposition was due on September 7, 2007.

On October 5, 2007, the Magistrate Judge issued his Report and Recommendation ("R&R"), recommending that respondent's Motion be granted and that judgment be entered dismissing this action with prejudice. (See R&R at 2 & 7). On October 16, 2007, petitioner filed Objections to the R&R ("Objections").

## DISCUSSION

Petitioner raises two new arguments in an effort to establish an entitlement to equitable tolling. Petitioner contends that he was prevented from filing his Petition on time because: (1) he was denied access to the law library for approximately fourteen months during a general prison "lockdown" and for approximately seven months when he was disciplined for threatening a staff member; and (2) he was on medication that impaired his judgment. (See Objections at 4-5).

As an initial matter, the Court notes that petitioner's Objections raise new facts that were never presented to the Magistrate Judge. A district court has discretion not to consider evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations. Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000), cert. denied, 534 U.S. 831, 122 S.Ct. 76 (2001) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."). Petitioner makes no effort to explain why he did not file an Opposition, even though he had nearly three months to prepare and file his Opposition. Under the circumstances, the Court will exercise its discretion and decline to consider the new evidence petitioner submitted with his Objections. "Such a policy is reasonable since the referral mechanism is intended to help ease the heavy workloads of the district courts and to aid in the efficient resolution of disputes." ISM Sports, Inc. v. Lemonia Gyro & Souvlaki, Inc., 2005 WL 1861308, at *2 (E.D.N.Y. 2005).

However, even on the merits, petitioner's Objections are insufficient to establish a basis for equitable tolling. AEDPA's one-year statute of limitations may be equitably tolled "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (emphasis added) (internal quotation marks and citation

omitted). This standard requires petitioners, who bear the burden of establishing that equitable tolling is applicable to his or her case, see Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003, 123 S.Ct. 496 (2002), to meet a "very high threshold" in order to benefit from equitable tolling. United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004); see also Miranda, 292 F.3d at 1066 ("[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule.") (internal quotation marks, brackets and citation omitted). Not surprisingly, in light of this high threshold, "equitable tolling is unavailable in most cases[.]" Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, petitioner argues that he is entitled to equitable tolling because he was denied access to the law library from "February 2005 through April 3, 2006," during a general prison lockdown and, from "April 4, 2006[,] through November 16, 2006[,]" for threatening a staff member. (See Objections at 4). It is clear, however, that petitioner did not need access to the law library to prepare and file his habeas petition on time. See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001, as amended Dec. 3, 2001), cert. denied, 535 U.S. 1055, 122 S.Ct. 1913 (2002) (lack of access to library materials does not automatically qualify as grounds for equitable tolling; rather, inquiry must be "fact-specific"); Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam) (denial of access to law library materials does not automatically qualify as grounds for equitable tolling, as inquiry is "highly fact-dependent"). The three claims in the instant Petition are identical to the claims petitioner raised in his direct appeal and state habeas petition to the California Court of Appeal and in his petition for review to the California Supreme Court.[3] (Compare Memorandum of Points and Authorities in Support of Petition at 2 &

---

[3] The three claims that were raised in the instant Petition, the direct appeal and habeas petition in the California Court of Appeal and in the petition for review to the California Supreme Court are: (1) petitioner was denied due process of the law because the trial judge who presided over his case had previously prosecuted plaintiff in a prior case when the trial judge was a deputy district attorney; (2) petitioner's trial counsel rendered ineffective assistance by failing to discover the trial judge's conflict and move for a mistrial or otherwise object to the trial judge's participation in petitioner's case once the conflict was discovered; and (3) petitioner's due process right to a fair trial was violated by repeated references to his prior criminal history during trial. (See Memorandum of Points and Authorities in Support of Petition at 2, 13 & Lodgment Nos. 2 & 3).

13 with Lodgment Nos. 2 & 3). Petitioner proffers no explanation as to why he required access to the law library to file, in effect, the same claims in federal court that he raised in the state courts on direct appeal and in his state habeas petition. See Battles, 362 F.3d at 1198 ("Surely due diligence requires that [petitioner] at least consult his own memory of the trial proceedings.").

Even if petitioner did require access to the law library to prepare his habeas petition, petitioner offers no evidence to support that contention. (See, generally, Objections at 1-7). Further, petitioner's allegations indicate that he was responsible for seven months of the time that he was in lockdown. (See id. at 4) (petitioner concedes that he was placed in lockdown because he was being disciplined for threatening a staff member). Petitioner is not be entitled to equitable tolling during this seven-month period, as his inability to access the law library was the result of his own conduct. See Laws, 351 F.3d at 922 (prisoner only entitled to equitable tolling when "extraordinary circumstances beyond a prisoner's control" are the cause of the untimeliness) (internal quotation marks and citation omitted). As to the remaining fourteen months of the alleged lockdown, (see Objections at 4), that, too, is insufficient to warrant a finding of equitable tolling. Prison lockdowns that affect all prisoners do not generally constitute extraordinary circumstances that warrant the granting of equitable tolling. See Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir.), cert. denied, 531 U.S. 971, 121 S.Ct. 410 (2000) (holding that prison lockdowns and misplaced legal papers did not present extraordinary circumstances that would warrant equitable tolling); Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."); Lindo v. Lefever, 193 F.Supp.2d 659, 663 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.").

Finally, although mental illness can provide a basis for the granting of equitable tolling, see Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060, 119 S.Ct. 1377 (1999), overruled on other grounds by Woodford v. Garceau, 538 U.S.

202, 205-06, 123 S.Ct. 1398, 1401 (2003), "a showing of mental illness alone will not toll the limitation period. Under federal common law, mental illness tolls a limitation period only if 'the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them.'" Shafer v. Knowles, 2003 WL 22127878, at *2 (N.D. Cal 2003) (quoting Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.), cert. denied, 519 U.S. 937, 117 S.Ct. 316 (1996)); see also Laws, 351 F.3d at 923 ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an extraordinary circumstance beyond his control, and the deadline should be equitably tolled.") (internal quotation marks and brackets omitted).

Here, other than his conclusory assertion that he was on medication that "impaired [his] judgment to comprehend anything [he was] reading[,]" (Objections at 5), petitioner has not presented any evidence to establish that he suffered from a mental illness during the relevant time period of sufficient severity so as to warrant tolling the limitations period. See Howell v. Roe, 2003 WL 403353, at *3 (N.D. Cal. 2003) ("In order to overcome the limitation barrier, [petitioner] must show that mental illness rendered him incapable of filing a habeas petition before the limitation period expired."). Indeed, the only evidence petitioner submitted indicates that he was administered anti-depressants on three occasions in June 2006, July 2006 and March 2007, (see Objections, Exh. H),[4] which were all after petitioner's one year limitations period ended on May 4, 2006. (See R&R at 6); see also Shafer, 2003 WL 22127878, at *3 (denying equitable tolling where petitioner failed to provide evidence that he was incompetent during the relevant time period). In short, because petitioner has failed to demonstrate that the lockdowns or his mental illness were the cause of his untimeliness, he cannot meet the "very high threshold[,]" Battles, 362 F.3d at 1197, of establishing the existence of extraordinary circumstances beyond his control and that those extraordinary circumstances were the cause of his untimeliness. See Laws, 351 F.3d at 922.

---

[4] Although petitioner labels the exhibit to his Objections as "Exhibit H," there are no other exhibits attached to his Objections.

5

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a de novo determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: April 11, 2008

_____
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE